UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FERNANDO BAUTISTA-SANCHEZ,<br><br>Defendant. | CASE NO. CR19-203RSM<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Fernando Bautista-Sanchez's Motion for Sentence Reduction. Dkt. #823. Defendant seeks a reduced sentence pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *Id.* The Court has reviewed responsive briefing from the Government, Dkt. #836. No reply brief was filed by the deadline set by the Court. *See* Dkt. #826.

In November 2021, Mr. Bautista-Sanchez entered a guilty plea to Conspiracy to Distribute Controlled Substances. Dkt. #648. Specifically, Bautista-Sanchez's role in the conspiracy was to arrange for the distribution, usually by other members of the conspiracy, of a total of at least 500 grams of heroin and at least 1,500 grams of methamphetamine mixture that had been transported by the organization into Western Washington, over a period of several months.

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

Applying the 2018 Sentencing Guidelines Manual, Probation calculated Bautista-Sanchez's Total Offense Level as 32. *See* Amended Presentence Investigation Report, Dkt. #681. This did not include any credit for acceptance of responsibility, pursuant to USSG § 3E1.1. Bautista-Sanchez had five prior criminal convictions that scored a total of twelve criminal history points. He was not assessed any "status points" for being on court supervision at the time of his instant offense. Probation calculated Bautista-Sanchez's sentencing range as 188 to 235 months.

At the sentencing hearing on February 11, 2022, this Court awarded Mr. Bautista-Sanchez a two-level reduction for acceptance of responsibility and, thus, recalculated his sentencing range using Total Offense Level 30. At Category V, this resulted in a final applicable sentencing range of 151 to 188 months. The Court then imposed a custodial sentence below the applicable range: 96 months. Dkt. #687 at 2. Bautista-Sanchez continues to serve this sentence, with a BOP projected release date in December 2025.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendments below, and has articulated the policy and proper procedure for implementing those amendments.

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e) in the 2023 Edition of the Sentencing Guidelines. The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents seven criminal history points or more now receives one additional "status" criminal history point, instead of the two points that were awarded in the previous version of this subsection, while a person who otherwise presents six criminal history points or fewer receives no status points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points.

The Court finds that the Status Points amendment does not reduce Bautista-Sanchez's range, because he was not originally assessed any status points for being under a criminal justice sentence.  All twelve of his criminal history points were assessed directly based on his prior convictions pursuant to USSG § 4A1.1(a)-(c). There is no suggestion that Bautista-Sanchez was on probation or was otherwise under court supervision such that he qualified for the status points upward adjustment under the then-applicable USSG § 4A1.1(d) (2018 Ed.).  The Zero-Point Offender amendment is also inapplicable because Defendant fails to meet the first requirement: "(1) the defendant did not receive any criminal history points from Chapter Four, part A."  As noted above, Bautista-Sanchez had five prior convictions that scored a total of twelve criminal history points.  The Court therefore agrees with the Government that Mr. Bautista-Sanchez is not

eligible for any reduction in sentence, because the amendments have no effect on Bautista-Sanchez's sentencing range. Thus, this analysis need not proceed past the first step because the Court lacks jurisdiction to grant any reduction. *See United States v. Wesson*, 583 F.3d 728, 730-31 (9th Cir. 2009).[1]

Defendant offers no argument to these points in his Motion or in a reply brief. The Court need not consider the § 3553(a) factors. Given the above, appointment of counsel is unwarranted.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Fernando Bautista-Sanchez's Motion for Sentence Reduction, Dkt. #823, is DENIED.

DATED this 12th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] USSG § 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

ORDER DENYING MOTION TO REDUCE SENTENCE – 4